**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                             :
ALEJANDRO PAULINO,           :
                             :     Civil Action No. 03-4463 (RBK)
           Petitioner,       :
                             :
        v.                   :
                             :          OPINION
ALFARO ORTIZ, et al.,        :
                             :
           Respondents.      :
_____:
```

**APPEARANCES:**

> ALEJANDRO PAULINO, Petitioner <u>Pro</u> <u>Se</u>
> #415636/86348B
> Riverfront State Prison
> P.O. Box 9104
> Camden, New Jersey 08101
>
> JACK J. LIPARI, ESQ.
> Office of the Atlantic County Prosecutor
> 4997 Unami Boulevard, P.O. Box 2002
> Mays Landing, New Jersey 08330
> Attorneys for Respondents

**KUGLER, District Judge**

This matter is before the Court on petitioner Alejandro Paulino's application for habeas corpus relief under 28 U.S.C. § 2254. For the reasons stated below, the petition for habeas relief will be denied for failure to make a substantial showing of a federal statutory or constitutional deprivation.

I.   BACKGROUND

A.   Procedural History

Petitioner, Alejandro Paulino ("Paulino"), is presently confined at the Riverfront State Prison in Camden, New Jersey, serving an aggregate sentence of eight years in prison with a four-year period of parole ineligibility.

Paulino was convicted by jury trial in the Superior Court of New Jersey, Law Division, Atlantic County in January 2001 on the following charges: (Count One) third degree terroristic threats; (Count Three) third degree unlawful possession of a weapon; (Count Four) second degree possession of a weapon for unlawful purposes; and (Count Five) second degree possession of a weapon by a convicted person.  Paulino was acquitted of Count Two, fourth degree aggravated assault (pointing a firearm).  He was sentenced on January 19, 2001 to five years imprisonment on Counts One and Three, eight years in prison with a four-year parole disqualifier on Count Four, and eight years imprisonment on Count Five.  All sentences were to run concurrently.

On May 3, 2001, Paulino appealed his final judgment of conviction to the New Jersey Appellate Division.  In an unpublished per curiam Opinion decided January 28, 2003, the Appellate Division affirmed the conviction, finding that petitioner's claims "lack[ed] sufficient merit to warrant discussion in a written opinion."  (Appellate Division Opinion,

decided January 28, 2003, at pg.3-4 (RA84-85)[1]).   The New Jersey

Supreme Court denied certification on July 3, 2003.  (RA116).

    Thereafter, on or about September 18, 2003, Paulino filed

this federal habeas petition.  The respondents answered the

petition on January 5, 2004.

B.   <u>Factual Background</u>

    The facts of this case were recounted below and this Court,

affording the state court's factual determinations the

appropriate deference under 28 U.S.C. § 2254(e)(1), will simply

reproduce the New Jersey Appellate Division's factual recitation:

> This case arose after an objection was voiced by defendant's
> downstairs neighbor, Margaret Tucker, about defendant's loud
> playing of music in his upstairs apartment which had
> disrupted the night.  Specifically, when her babysitter
> arrived at 6:30 a.m. on March 11, 2000, so that she could go
> to work, Tucker decided to ask defendant to turn down the
> music so that it would not wake up her children.  She
> knocked on the door of defendant's apartment, which was
> answered by another individual.  Defendant then appeared and
> allegedly closed his door, walked toward Tucker, pushed her
> against the wall, pulled a gun from his pants, and put it
> against her temple.  He allegedly told Tucker he would blow
> her head off if she did not come into his apartment for sex.

(Appellate Division Opinion, decided January 28, 2003, at pg. 2).

## II.   <u>CLAIMS FOR HABEAS RELIEF</u>

    Paulino raises the following claims in his federal habeas

petition:[2] (1) the trial court violated petitioner's right to due

---

    [1]  "RA" refers to the respondents' appendix submitted with
their answer to the petition.

    [2]  The State does not raise any affirmative defenses, such
as time-bar, non-exhaustion, or procedural default.  The Court is

process under the Fourteenth Amendment by failing to instruct the jury on the law of prior inconsistent statements; (2) the prosecutor's comment on summation that trial counsel did not introduce any testimony to disprove the fact that petitioner did not assault the victim as charged violated petitioner's Fifth Amendment right against self incrimination; (3) the trial court violated petitioner's Fourteenth Amendment right to due process by failing to instruct the jury on a lesser offense of harassment; (4) prosecutorial misconduct during summation referring to petitioner as a criminal violated petitioner's right to due process; and (5) the sentence was excessive.

III.   <u>STANDARD GOVERNING REVIEW OF § 2254 CLAIMS</u>

The Court recognizes that a <u>pro se</u> pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Thus, a <u>pro se</u> habeas petition

---

satisfied from review of the state court record that all of the claims asserted by petitioner here were presented on state court review.  However, to the extent any of the claims were not exhausted in state court, this Court may opt to review such claims, and deny them on the merits pursuant to 28 U.S.C. § 2254(b)(2).  Section 2254(b)(2) provides that "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  <u>See also</u> <u>Lambert v. Blackwell</u>, 134 F.3d 506, 514-15 (3d Cir. 1997), <u>cert</u>. <u>denied</u>, 532 U.S. 919 (2001)(a district court may deny a petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2), where "it is perfectly clear that an applicant does not raise even a colorable federal claim").

should be construed liberally and with a measure of tolerance. See <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Duarte v. Hurley</u>, 43 F. Supp.2d 504, 507 (D.N.J. 1999).  Because Paulino is a <u>pro</u> <u>se</u> litigant, the Court will accord his petition the liberal construction intended for <u>pro</u> <u>se</u> petitioners.

Under § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts in habeas matters must give considerable deference to determinations of the state trial and appellate courts.  See 28 U.S.C. § 2254(e); <u>Duncan v. Morton</u>, 256 F.3d 189, 196 (3d Cir.), <u>cert</u>. <u>denied</u>, 122 S.Ct. 269 (2001); <u>Dickerson v. Vaughn</u>, 90 F.3d 87, 90 (3d Cir. 1996)(<i>citing</i> <u>Parke v. Raley</u>, 506 U.S. 20, 36 (1992)).  Section 2254(d) sets the standard for granting or denying a habeas writ:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), the Supreme Court explained that subsection (d)(1) involves two clauses or

conditions, one of which must be satisfied before a writ may issue.  The first clause, or condition, is referred to as the "contrary to" clause.  The second condition is the "unreasonable application" clause.  <u>Williams</u>, 529 U.S. at 412-13.  In the "contrary to" clause, "a federal court may grant the writ if the state arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  <u>Id</u>.  Under the "unreasonable application" clause, a federal court may grant the writ if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [the petitioner's] case."  <u>Id</u>. at 413.  Habeas relief may not be granted under the "unreasonable application" condition unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant habeas relief.  <u>Id</u>. at 411.  <u>See also</u> <u>Werts v. Vaughn</u>, 228 F.3d 178, 197 (3d Cir. 2000), <u>cert</u>. <u>denied</u>, 532 U.S. 980 (2001); <u>Matteo v. Superintendent, SCI Albion</u>, 171 F.3d 877, 891 (3d Cir. 1999), <u>cert</u>. <u>denied</u> <u>sub</u> <u>nom</u> <u>Matteo v. Brennan</u>, 528 U.S. 824 (1999).

Consonant with <u>Williams</u>, the Third Circuit has held that § 2254(d)(1) requires a federal habeas court to make a two step

inquiry of the petitioner's claims.  First, the court must examine the claims under the "contrary to" provision, identify the applicable Supreme Court precedent and determine whether it resolves petitioner's claims.  See Werts, 228 F.3d at 196-97; Matteo, 171 F.3d at 888-891.  If the federal court determines that the state court's decision was not "contrary to" applicable Supreme Court precedent, then the court takes the second step of the analysis under § 2254(d)(1), which is whether the state court unreasonably applied the Supreme Court precedent in reaching its decision.  Werts, 228 F.3d at 197.

     This second step requires more than a disagreement with the state court's ruling because the Supreme Court would have reached a different result.  Id.  AEDPA prohibits such de novo review.  Rather, the federal habeas court must determine whether the state court's application of the Supreme Court precedent was objectively unreasonable.  Id.  In short, the federal court must decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent.  Id.; see also Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005).

     Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court."  Id.; see also 28 U.S.C. § 2254(e)(1).  The Third Circuit

7

has ruled that this presumption of correctness based upon state court factual findings can only be overcome by clear and convincing evidence.  See Duncan, 256 F.3d at 196 (*citing* 28 U.S.C. § 2254(e)(1)).  Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

IV.  ANALYSIS

A.  Failure to Instruct the Jury (Grounds One and Three)

In his first and third claims for relief, Paulino alleges that the trial court failed to instruct the jury on the issue of prior inconsistent statements, and failed to charge the jury on a lesser included offense of harassment.

Generally, matters of state law and rules of procedure are not reviewable in a federal habeas petition.  The Supreme Court has stated that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Federal courts must afford the states deference in its determinations regarding evidence and procedure.  See Crane v. Kentucky, 476 U.S. 683, 690 (1986).  It is well-established that "a state court's misapplication of its own law does not generally raise a constitutional claim.  The federal courts have no supervisory authority over state judicial proceedings and may intervene only

8

to correct wrongs of constitutional dimension." <u>Smith v. Horn</u>, 120 F.3d 400, 414 (3d Cir. 1997)(citations omitted), <u>cert. denied</u>, 522 U.S. 1109 (1998).

Similarly, questions relating to jury charges are normally matters of state law and are not cognizable in federal habeas review. <u>See</u> <u>Engle v. Isaac</u>, 456 U.S. 107 (1982); <u>Henderson v. Kibbe</u>, 431 U.S. 145 (1977); <u>Zettlemoyer v. Fulcomer</u>, 923 F.2d 284, 309 (3d Cir.), <u>cert.</u> <u>denied</u>, 502 U.S. 902 (1991); <u>Grecco v. O'Lone</u>, 661 F. Supp. 408, 412 (D.N.J. 1987)(Thompson, J.). Only where the jury instruction is "so prejudicial as to amount to a violation of due process and fundamental fairness will a habeas corpus claim lie." <u>Id</u>.

"[T]he fact that [an] instruction was allegedly incorrect under state law is not a basis for habeas relief." <u>Estelle v. McGuire</u>, 502 U.S. at 71-72. Rather, the district court must consider "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' ... not merely whether 'the instruction is undesirable, erroneous, or even universally condemned.'" <u>Henderson</u>, 431 U.S. at 154 (quoting <u>Cupp v. Naughten</u>, 414 U.S. 141, 146-47 (1973)). Moreover, "[t]he burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state's court judgment

is even greater than the showing required to establish plain error on direct appeal." Id.

Here, with respect to Paulino's claim that an instruction should have been given the jury on a lesser included offense of harassment, it appears that there was no request by counsel for such a charge. In Beck v. Alabama, 447 U.S. 625, 635 (1980), the Supreme Court held that in a capital case, a trial court must give a requested charge on a lesser included offense where it is supported by the evidence. 447 U.S. at 635; Gilmore v. Taylor, 508 U.S. 333, 360 (1993). The Court left open the question of whether instructions on lesser included offenses were required in non-capital cases. Id. The Third Circuit has held that trial courts must charge a lesser included offense so that the jury does not convict a defendant of a crime more serious than the jury believes the defendant actually committed merely because the jury believes the defendant had some degree of involvement and does not want to set the defendant free. Vujosevic v. Rafferty, 844 F.2d 1023, 1027 (3d Cir. 1988)(citing Keeble v. United States, 412 U.S. 205, 212-13 (1973)). But see Geschwendt v. Ryan, 967 F.2d 877, 884 n. 13 (3d Cir.)(observing that the Supreme Court, in Schad v. Arizona, 501 U.S. 624 (1991), cast doubt on the theory that due process requires the court to instruct on a lesser included offense in non-capital offenses), cert. denied, 506 U.S. 977 (1992). Other circuits have held that

the failure to give lesser included offense instructions in a non-capital case does not present a constitutional question.  See Pitts v. Lockhart, 911 F.2d 109, 112 (8th Cir. 1990), cert. denied, 501 U.S. 1253 (1991); Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975).

Under New Jersey law, an instruction as to a lesser offense is warranted where the facts provide a rational basis for such a conviction.  N.J.S.A. 2C:1-8e ("the court shall not charge the jury with respect to a lesser included offense unless there is a rational basis for a verdict convicting the defendant of the lesser included offense"); State v. Choice, 98 N.J. 295, 298-99 (1985).  However, a charge on a lesser included offense should not be given where it would invite the jury to engage in sheer speculation.  State v. Mendez, 252 N.J. Super. 155, 159 (App. Div. 1991), certif. denied, 127 N.J. 560 (1992).

This Court finds no need to determine whether or not due process requires a trial court to charge a jury on a lesser included offense in non-capital cases, because in this case, the testimonial evidence presented at trial clearly supported the charge of terroristic threats, and not mere harassment.  See Khalif v. Hendricks, 2005 WL 2397227 *20 (D.N.J. Sep. 28, 2005)(quoting Kontakis v. Beyer, 19 F.3d 110, 118 (3d Cir. 1994)("Nothing in Beck permits us to grant habeas relief when a state court refuses to charge a jury that it may convict a

11

defendant for an offense when under state law the evidence could not justify the conviction")).

This Court further observes that the states are free to define criminal offenses in any way they see fit, within certain constitutional limitations, even through their lower courts. Smith v. Horn, 120 F.3d 400, 415 (1997), cert. denied, 522 U.S. 1109 (1998)(citing Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997)).  A habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions," or "demonstrate that the jury instructions deprived him of a defense which federal law provided to him."  Johnson, 117 F.3d at 110.  Federal district courts simply do not "sit as super state supreme courts for the purpose of determining whether jury instructions were correct under state law with respect to the elements of an offense and defenses to it." Id; see also Geschwendt v. Ryan, 967 F.2d 877, 888-90 (3d Cir.), cert. denied, 506 U.S. 977 (1992).

_____Moreover, a "trial court does not ... have the obligation on its own meticulously to sift through the entire record in every murder trial to see if some combination of facts and inferences might rationally sustain a manslaughter charge." Choice, 93 N.J. at 299.  Rather, "[i]t is only when the facts 'clearly indicate' the appropriateness of" an unrequested charge that the duty of

the trial court to provide the charge arises.  <u>Id</u>.  (quoting <u>State v. Mauricio</u>, 117 N.J. 402 (1990)).

Here, it is not alleged that the defense counsel objected to the jury instructions, nor did he request a charge on the lesser included offense of harassment.  Thus, petitioner must show that the evidence presented at trial clearly indicated a rational basis for the lesser included offense of harassment so as to impose a duty on the trial court to so instruct the jury. Paulino fails to meet this requirement.  The testimonial evidence at trial strongly supported the terroristic threat charge and conviction; Paulino also was simultaneously convicted of associated weapons offenses.  Thus, a lesser included offense of mere harassment was not obviously indicated.  Therefore, there was no reasonable basis from the evidence and testimony at trial from which the court would be required to <u>sua</u> <u>sponte</u> instruct the jury on the lesser included offense of harassment.

Moreover, even if it was error not to charge the jury on the lesser included offense of harassment, the lack of such a charge did not affect the outcome of the trial.  There was sufficient evidence at trial to support the terroristic threats conviction, and it was very clear that the jury believed the victim's testimony concerning the  incident.  Thus, at most, petitioner's claim of fault is based on omission, which the Supreme Court has stated is less serious than a misstatement of the law.  <u>See</u>

<u>Henderson</u>, 431 U.S. at 155 ("An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law"). Paulino fails to point to a federal requirement that a specific instruction was required in this instance; nor can he demonstrate that the lack of the proposed charge deprived him of a defense which federal law provided to him. <u>Johnson v. Rosemeyer</u>, 117 F.3d at 110.

Therefore, this Court concludes that the absence of a jury instruction on the lesser included offense of harassment, when viewed in the context and evidence of this case, did not so infect the trial with unfairness as to violate Paulino's due process rights. Accordingly, this claim will be denied for lack of substantive merit.

This Court reaches the same conclusion with respect to the claim that the jury should have been instructed on the issue of prior inconsistent statements. The trial judge did give the jury general instructions on the issue of credibility. (2T 29:8-30:6). Further, there was no request by counsel for the model jury charges on prior inconsistent statements. Such an instruction merely informs as to certain types of evidence and is typically provided as a guide for the jury to evaluate the evidence at trial. It does not go to the elements of the offenses or as to burden of proof, which are required instructions.

14

In addition, the Court finds that the lack of such an instruction to the jury did not affect the outcome of the trial. There was sufficient evidence at trial to support the convictions.  As stated above, this claim of error is based on omission, which the Supreme Court has stated is less serious than a misstatement of the law.  See Henderson, 431 U.S. at 155. Paulino fails to point to a federal requirement that a specific instruction was required in this instance; nor can he demonstrate that the lack of the proposed charge deprived him of a defense which federal law provided to him.  Johnson v. Rosemeyer, 117 F.3d at 110.  Hence, this Court likewise concludes that the absence of a jury instruction on prior inconsistent statements, when viewed in the context and evidence of this case, did not so infect the trial with unfairness as to violate Paulino's due process rights.

B.  Prosecutorial Misconduct (Grounds Two and Four)

Next, Paulino raises two claims of prosecutorial misconduct. First, he alleges that the prosecutor wrongly told the jury in summation that the defense counsel failed to offer evidence to disprove the State's charges.  This conduct purportedly violated petitioner's right against self incrimination.  Second, Paulino takes issue with the prosecutor's comment during summation that petitioner is a criminal.

15

Habeas review of a claim based on prosecutorial misconduct is limited to determining whether the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). "The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips, 455 U.S. 209, 219 (1982). If it does not infect the entire trial, misconduct alone is not enough to warrant a new trial. Id. at 220. "A criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments [or conduct] standing alone, for the statements or conduct must be viewed in context." United States v. Young, 470 U.S. 1, 11 (1985).

However, the U.S. Supreme Court has recognized the obligation of a prosecutor to conduct a criminal prosecution with propriety and fairness.

> He may prosecute with earnestness and vigor – indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one. ... Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none.

Berger v. United States, 295 U.S. 78, 88 (1935).

"Supreme Court precedent counsels that the reviewing court must examine the prosecutor's offensive actions in context and in

16

light of the entire trial, assessing the severity of the conduct,
the effect of the curative instructions, and the quantum of
evidence against the defendant." <u>Moore v. Morton</u>, 255 F.3d 95,
107 (3d Cir. 2001).

As to the claim that the prosecutor referred to the
defendant as a criminal during summation, this Court finds that
the prosecutor's single comment or remark during summation did
not have the capacity on its own to so infect the trial with
unfairness as to make the resulting conviction a denial of due
process.  The decision of the Appellate Division is not contrary
to, and does not involve an unreasonable application of, clearly
established federal law nor is it based on an unreasonable
determination of the facts in light of the overwhelming
testimonial evidence presented in the state court proceedings.
Accordingly, this claim will be denied.

Likewise, with respect to the prosecutor's comment on the
defense counsel's failure to disprove the victim's testimony, the
Court finds no error of constitutional dimension.  During
summation, the prosecutor stated: "The important part of it --
and that's unshakeable, Mr Leszchyn [defense counsel] didn't
introduce any testimony, didn't shake her testimony, didn't
introduce anything to disprove the fact that he pushed her up
against the wall and put a gun to her head." (2T 17:17-22).
Defense counsel had objected several times during summation, but

did not object to this comment by the prosecutor.  Obviously, the state courts did not conclude that this comment was prejudicial to petitioner.

Indeed, the New Jersey Supreme Court has held that similar language during summation amounts to nothing more than fair commentary as to the legitimate inferences that may be made from the non-production of evidence, as opposed to an illegal comment on the defendant's failure to testify.  See State v. Gosser, 50 N.J. 438 (1967), certif. denied, 390 U.S. 1035 (1967). Here, the prosecutor's comment was a general reference to the lack of evidence overall, it was not a specific comment on the defendant's failure to testify.  This is underscored by the prosecutor's specific remark that defense counsel could not shake Ms. Tucker's testimony.

Consequently, this one remark by the prosecutor, which plainly did not make any reference to the defendant's failure to testify, did not so infect the trial with unfairness as to make the resulting conviction a denial of due process.  The decision of the state courts in this regard is not contrary to, and does not involve an unreasonable application of, clearly established federal law nor is it based on an unreasonable determination of the facts in light of the overwhelming testimonial evidence presented in the state court proceedings.  Therefore, the Court

will deny this claim of prosecutorial misconduct for lack of substantive merit.

C.   Excessive Sentence Claim

Sentencing is generally considered a matter of state criminal procedure, which does not fall within the purview of federal habeas review.  Ervin v. Beyer, 716 F. Supp. 163, 165 (D.N.J. 1989); see also Johnson v. Beto, 383 F.2d 197, 198 (5th Cir. 1967), cert. denied, 393 U.S. 868 (1968); U.S. ex rel. Jackson v. Meyers, supra.  Indeed, absent some constitutional violation, federal courts cannot review a state's alleged failure to adhere to its own sentencing procedure.  Rorie v. Beard, Civ.A.No. 04-3380, 2005 WL 825917, *5 (E.D. Pa. April 7, 2005)(citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)).  Thus, a federal court will not reevaluate a sentence in a habeas proceeding unless it exceeds the statutory limits. Jones v. Superintendent of Rahway State Prison, 725 F.2d 40 (3d Cir. 1984); see also Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir. 1984), cert. denied, 469 U.S. 1229 (1985)("As a general rule, federal courts will not review state sentencing determinations that fall within statutory limits."); Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975)("This Court will not upset the terms of a sentence within statutory limits unless so disproportionate to the offense as to be completely arbitrary and shocking").

19

Here, petitioner has not alleged that his sentence violates any federal constitutional rights.  He does not allege that his sentence exceeds statutory limits, nor does the record show that the court evaluated the aggravating and mitigating factors in any way other than a fair and reasonable manner based on the evidence proven at trial.  The sentence was clearly within the range given the statutory offenses.  Thus, the Court concludes that Paulino's claim is completely baseless, and is not subject to federal review.

## V.  CERTIFICATE OF APPEALABILITY

This Court next must determine whether a certificate of appealability should issue.  <u>See</u> Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons discussed above, this Court's review of the claims advanced by petitioner demonstrates that he has failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue.  Thus, this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

## <u>CONCLUSION</u>

For the above reasons, this Court finds that the § 2254 habeas petition should be denied on the merits and a certificate of appealability will not issue.   An appropriate Order follows.


<u>s/Robert B. Kugler</u>
ROBERT B. KUGLER
United States District Judge

DATED:   November 4, 2005